**Lloyd STONER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65234.**

Missouri Court of Appeals,
Western District.

Sept. 12, 2006.

Timothy Forneris, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before SMITH, C.J., and HOWARD and NEWTON, JJ.

#### Order

PER CURIAM.

Lloyd Stoner appeals from the motion court's order overruling, after an evidentiary hearing, his Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of counsel. After a jury trial in the Circuit Court of Pettis County, the appellant was convicted of murder in the first degree, § 565.020, and armed criminal action (ACA), § 571.015, and sentenced to life in prison without parole for murder and life in prison for ACA, to be served consecutively in the Missouri Department of Corrections.

The appellant raises six points on appeal. In Points I through V, he claims that the motion court erred in denying his Rule 29.15 motion, after an evidentiary hearing, because the court's findings of fact and conclusions of law, in denying his motion, that he did not receive ineffective assistance of counsel for trial counsel's: (1) failure to call at trial an eyewitness, Tommy Church, after he had promised in his opening statement that Church would testify; (2) failure to call Church as a witness at trial; (3) failure to call witness, Lee James, at trial; (4) failure to introduce at trial, after mentioning it in the defense's opening statement, the statement of Kinya Kerr, a co-defendant, implicating another person in the homicide; and (5) failure to object to the State's questioning of witnesses concerning a plan to smuggle marijuana to the appellant in jail, while he was awaiting trial, are clearly erroneous. In Point VI, he claims that the motion court erred in overruling his motion, after an evidentiary hearing, because the record conclusively establishes that he was "abandoned" by his post-conviction counsel.

We affirm pursuant to Rule 84.16(b).